UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

THOMAS R. STAMPER,                    )
                                      )
        Plaintiff,                    )        Civil Action No. 5: 14-121-DCR
                                      )
V.                                    )
                                      )
THREE FORKS REGIONAL JAIL,            )        **MEMORANDUM OPINION**
                                      )            **AND ORDER**
        Defendant.                    )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Thomas R. Stamper is confined at the Kentucky State Reformatory in LaGrange, Kentucky. Proceeding without an attorney, Stamper has filed a civil rights action under 42 U.S.C. § 1983. [Record No. 1] The Court previously granted Stamper's motion to pay the filing fee in installments. [Record No. 6] However, for the reasons set forth below, Stamper's Complaint will be dismissed.

**I.**

Stamper alleges that, at some point after Thanksgiving in 2013, he was assaulted by his cellmate while he was a prisoner at the Three Forks Regional Jail. [Record No. 1, p. 4] Stamper indicates that he was a "county inmate" in a protective custody cell and claims that there was no reason for the guards to place this "state inmate" in the cell with him. [*Id.*] Stamper asserts that during the attack he received two black eyes, a broken nose, and a knot on his forehead. [*Id.*] He claims that the attack has caused sinus problems, blurred vision, dizziness, and recurring headaches. [*Id.*] Stamper further indicates that a portable machine was used to take x-rays, but

that a nurse at the jail stated that there were no broken or fractured bones. Stamper believes that his nose was broken, noting that he has a scar on the bridge of his nose. He requests examination by a doctor not affiliated with the jail. [*Id.*]

Stamper also alleges that his cell had a "wall leak" which caused him to fall on one occasion, injuring his right ankle. [*Id.*, p. 5] He indicates that he was told that x-rays showed that no bones were broken, but claims that his ankle swelled to the size of a baseball. Stamper again requests that he be examined by an outside physician, and he seeks monetary damages. [*Id.*, pp. 5-6] Stamper has named the Three Forks Regional Jail as the only defendant in this action. [*Id.*, p. 1]

## II.

The Court conducts a preliminary review of Stamper's Complaint because he has been allowed to pay the filing fee in installments and he asserts claims against a governmental entity. 28 U.S.C. §§ 1915(e)(2), 1915A. It must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Stamper's Complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceeding, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# III.

Stamper's Complaint will be dismissed for several reasons. First, he has named the Three Forks Regional Jail as the only defendant. However, a jail is not a legal entity subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that the Shelby County Jail is not subject to suit under § 1983). Even liberally construing his claims as made against the Three Forks Regional Jail *Authority*, Stamper did not claim that the alleged conduct was taken pursuant to a policy or custom established by that authority. Thus, Stamper's Complaint fails because he does not "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F .3d 358, 364 (6th Cir. 1993); *see also Graves v. Louisville Metro Dept. of Corr.*, No. 3: 13-CV-P818-S, 2014 WL 496930, at *3 (W.D. Ky. Feb. 6, 2014). Likewise, Stamper has not named as defendants any of the guards or nurses allegedly involved in the conduct at issue.

Further, while Stamper's Complaint contains factual allegations supporting his claims, he does not attempt to state any legal basis for relief sought. Notwithstanding the form's instruction that while citation to cases or statutes is not necessary, the plaintiff should "identify the constitutional right(s) you allege was/were violated." [Record No. 1, p. 4] In one sentence, Stamper does state that "[t]he jail was negligent." *Id.* However, negligence alone is insufficient to state a constitutional claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Garrett v. Austin*, No. 3: 13-CV- 344, 2013 WL 1826457 (M.D. Tenn. April 30, 2013).

Nor do the facts alleged by Stamper suggest colorable constitutional claims. A claim of deliberate indifference to serious medical needs requires more than negligence or gross

negligence.  *Dajami v. Montgomery County*, 59 F. App'x 740, 745 (6th Cir. 2003).  Thus, when a prisoner has received some medical treatment, he fails to demonstrate deliberate indifference by merely expressing his disagreement with its sufficiency.  *Id.*; *see also Wyatt v. Frasier*, No. 3: 13-853, 2014 WL 2811818, at *6 (M.D. Tenn. June 23, 2014).  Likewise, a claim that prison officials failed to protect the plaintiff from an assault by another prisoner requires a showing that the guards possessed actual and prior knowledge of a serious risk that an assault would occur and knowingly disregarded the risk.  *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).  Absent such allegations, Stamper's construed failure to protect claim fails as a matter of law.  *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

## IV.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.      Plaintiff Thomas R. Stamper's Complaint [Record No. 1] is **DISMISSED**.

2.      This matter is **STRICKEN** from the active docket.

3.      A separate Judgment will be entered on this date in favor of Defendant Three Forks Regional Jail.

This 25th day of July, 2014.



Signed By:

*Danny C. Reeves*

United States District Judge